McCay, Judge.
This is another case of a complaint to this Court of the refusal of a Judge to set aside a verdict of a jury on the facts.
The theory of our law is, that a jury shall pass upon facts. The jurisdiction of this Court only arises when the verdict is so shockingly contrary to the truth of the case, as it appears by the record, that the Judge has abused the power granted him by law to look into the facts and grant or refuse a new trial, accordingly as he shall think the jury have abused their right or not.
*A certiorari, based on a charge of a verdict being contrary to evidence, stands on the same footing as a motion for a new trial, in this respect. Here, the magistrate told the jury distinctly that the question turned on the issue whether the plaintiff in the warrant, had been holding as the tenant of the defendants. There was evidence on both sides, and the decision, by the theory of our law, was with the jury.
Until the Legislature adopts some other mode of trying questions of facts than the trial by jury, it is the duty of the Courts not to interfere with their verdicts for any but very weighty reasons. Primarily, the duty to do that is with the Judge of the Superior Court, and the jurisdiction of this Court only arises when he fails in the performance of his duty. We do not think this is such a case, although the record does, in our opinion, show a stronger case for the plaintiffs in error than for their opponent. But it takes more than this to invoke the jurisdiction of this Court over the verdict of a jury, backed by the judgment of the Judge of the Superior Court.
Judgment affirmed.